**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Braun,<br><br>                Plaintiff,<br><br>v.<br><br>USAA Group Disability Income, et al.,<br><br>                Defendants. | No. CV-13-01923-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss Count II of Plaintiff Nicole Braun's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 12. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.     Background.**

Plaintiff was an employee of Defendant United States Automobile Association ("USAA"). Doc. 1, ¶ 9. While employed with USAA, Plaintiff participated in the USAA Group Disability Income Plan (the "Plan"). *Id.*, ¶ 4. The Plan "is an ERISA benefit plan providing long-term disability ('LTD') benefits to full time employees" of USAA. *Id.* USAA is the Plan sponsor and Defendant USAA's Executive Vice President, People Services, is the Plan administrator. *Id.*, ¶¶ 5-6. The Plan is insured by Liberty Life Assurance Company ("Liberty"). *Id.*, ¶ 7.

Plaintiff suffers from Lyme disease and the Plan initially found that she was disabled and entitled to short-term and long-term benefits (*id.*, ¶¶ 15-16), although

Plaintiff does not specify when these determinations occurred. The Plan's definition of disability was changed on February 22, 2012 (*id.*, ¶ 17), and Plaintiff subsequently received a letter from Liberty on June 1, 2012, informing her that she had been denied long-term disability benefits (*id.*, ¶ 19). The June 1 letter allegedly informed Plaintiff that any request for review of the denial had to be sent within 180 days, which Plaintiff contends is incorrect. *Id.*, ¶ 20. Plaintiff asked for an extension, but whether Liberty denied her request is unclear from the complaint. *Id.*, ¶ 20. Liberty informed Plaintiff on February 25, 2013, that it was affirming the denial of her LTD benefits. *Id.*, ¶ 29.

Plaintiff asserts that Liberty and the Plan erred in reaching this decision for a number of reasons not relevant to this motion. *Id.*, ¶¶ 30-70. Plaintiff filed her complaint on September 19, 2013, asserting claims for recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and breach of fiduciary duty. *Id.*, ¶¶ 71-97. Defendants seek to dismiss Plaintiff's breach of fiduciary duty claim.

**II.     Analysis.**

Defendants argue that Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) is precluded "by virtue of the availability to Plaintiff of her claim for recovery of benefits pursuant to § 1132(a)(1)(B), for which Plaintiff has pled in the Complaint." Doc. 12 at 2. The Supreme Court has held that § 1132(a)(3) is a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Defendant contends that "the Ninth Circuit has recognized that a plaintiff may not seek equitable relief under § 1132(a)(3) for a breach of fiduciary duty or other alleged wrongs where there is an adequate benefits remedy under § 1132(a)(1)(B) for the alleged ERISA violation," and cites a number of Ninth Circuit cases as support. *Id.* at 3.

The Ninth Circuit most recently addressed § 1132(a)(3) in *Wise v. Verizon Comms., Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010), where the plaintiff sought equitable relief "in the form of an award of past and future benefits." *Wise*, 600 F.3d at 1190. The court upheld the district court's dismissal of the plaintiff's claims under § 1132(a)(3) on

- 2 -

the ground that the relief requested "was duplicative of relief she sought under other [portions of § 1132]." Specifically, the court stated that money damages "are not an available remedy under ERISA's equitable safety net." *Id.* (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)).

Plaintiff argues that courts have allowed claims under both § 1132(a)(3) and § 1132(a)(1)(B) to go forward. Doc. 14 at 2-3 (citing cases). She also argues that, under the Supreme Court's decision in *CIGNA Corporation v. Amara*, 131 S. Ct. 1866 (2011), "*Varity* is no longer a categorical bar to both (a)(1)(B) and [(a)(3)] claims." *Id.* at 3.

At issue in *Amara* was whether the district court properly reformed the terms of a pension plan under § 1132(a)(1)(B). 131 S. Ct. at 1876. The court concluded that § 1132(a)(1)(B) provided no such authority. *Id.* at 1878. The court went on to opine that § 1132(a)(3) *might* provide such authority and engaged in a lengthy discussion of the meaning of "appropriate equitable relief" in the context of the court's precedent. *Id.* at 1878-80. It is unclear whether the court explicitly held that § 1132(a)(3) provided the relief at issue in the case because the court remanded to the district court with instructions to decide that issue. *Id.* at 1882 ("Because the District Court has not determined if an appropriate remedy may be imposed under [§ 1132(a)(3)], we must vacate the judgment below and remand this case for further proceedings consistent with this opinion.").

This Court agrees with the concurrence in *Amara*, which asserted that because the district court found no need to decide whether the relief requested was available under § 1132(a)(3), the majority's discussion of that issue was dicta. *See id.* at 1883-83 (Scalia, J., concurring in the judgment). Indeed, nowhere does the *Amara* court explicitly state that § 1132(a)(3) authorizes any type of equitable relief beyond the reformation of the plan undertaken by the district court. Other courts have found that *Amara* had no effect on the holding in *Varity*. *See, e.g.*, *Roque v. Roofers' Unions Welfare Trust Fund*, No. 12-C-3788, 2013 WL 2242455, at *7 (N.D. Ill. May 21, 2013) (finding that "*Amara* did not . . . alter the rule announced in *Varity*" and rejecting the plaintiff's argument that *Amara* "changed the nature of equitable remedies available under [§ 1132(a)(3)],

- 3 -

allowing for certain forms of monetary relief"); *Biglands v. Raytheon Employee Sav. & Inv. Plan*, 801 F. Supp. 2d 781, 786 (N.D. Ind. 2011) ("[T]he equitable remedies discussed in the *Amara* are dicta, as Justice Scalia's concurring opinion makes clear.").

The question, then, is whether Plaintiff has pled a claim under § 1132(a)(3) that seeks either money damages or duplicative relief. As an initial matter, Plaintiff has alleged that Defendants are providing incorrect information and are not following regulations, and requests that this conduct be enjoined. *See generally* Doc. 1. Defendants neither argue nor demonstrate that such relief is available under another provision of § 1132, and the Court cannot conclude that such an injunction would be duplicative of relief under § 1132(a)(1)(B). Thus, there is no reason why Plaintiff's claim for injunctive relief under § 1132(a)(3) cannot go forward.

It is also not clear to the Court, at this stage of the litigation, that any claim for monetary relief under § 1132(a)(3) is entirely foreclosed. This case is unlike *Wise* in that Plaintiff has not explicitly pled her breach of fiduciary duty claim as seeking payment of past and future benefits, which was the case in *Wise*. 600 F.3d at 1190. Further, the majority opinion in *Amara* does state that "the fact that . . . relief takes the form of a money payment does not remove it from the category of traditionally equitable relief," and noted that "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." 131 S. Ct. at 1880. Although this language is dicta, as discussed above, it apparently represents the view of a majority of the Supreme Court justices.

The Court concludes that it should await summary judgment before deciding whether *Varity* and *Wise* remain good law after *Amara*. Clarifying decisions from the Ninth Circuit and other federal courts may be provided in the meantime. The Court is also unable to conclude from the pleadings that the relief sought by Plaintiff under § 1132(a)(3) is duplicative of the relief she seeks under § 1132(a)(1)(B). It is conceivable that Plaintiff could prove that she is entitled to an award of past and future benefits under

§ 1132(a)(1)(B) and additional monetary damages under § 1132(a)(3) for breach of fiduciary duty. The Court cannot make this determination without further factual development.

The Court will therefore deny Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim. Defendants may raise this issue again at the summary judgment stage, at which time the Court will be aided by a more fully developed record and perhaps additional Ninth Circuit authority interpreting *Amara*.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 12) is **denied**.

Dated this 8th day of July, 2014.

_____
David G. Campbell
United States District Judge